IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIYAN PUN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-1059-D |
| § | |
| FERRARAI JONES and ROYAL § | |
| TRUCKING COMPANY, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Diyan Pun ("Pun") sues defendants Ferrarai Jones ("Jones") and Royal Trucking Company ("Royal") for injuries he sustained from a hit-and-run collision allegedly perpetrated by Jones. Royal removed the case to this court based on diversity of citizenship.[1] Jones now moves for partial dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion in part and denies it in part.

---

[1] Jones did not join the notice of removal, as is required under 28 U.S.C. § 1446(a) and Fifth Circuit precedent. *See Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted) (alterations in original) ("[A]ll defendants who are properly joined and served must join in the [notice of removal], and . . . failure to do so renders the [notice] defective."). But a defendant's "failure to join the notice of removal is a procedural rather than subject matter jurisdiction defect." *Carr v. Mesquite Indep. Sch. Dist.*, 2004 WL 1335827, at *2 (N.D. Tex. June 14, 2004) (Fitzwater, J.). Because Pun did not timely move to remand based on this procedural defect, the defect is waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

I

According to Pun's first amended complaint, he was driving his car in the left lane of the President George Bush Turnpike on the evening of April 24, 2023, while Jones, who was employed by Royal as a truck driver, was driving a flatbed 18-wheeler in the center lane. As Pun neared Jones's vehicle from behind, intending to pass, Jones "engaged in a hasty lane change," "sharply steer[ing] his tractor trailer to the left" and colliding with Pun's car. Am. Compl. ¶¶ 8-9. Pun and Jones both stopped and exited their vehicles to survey the damage. Pun alleges that he dialed 911 to request emergency assistance, but that Jones fled the scene in his vehicle before the authorities could arrive, without exchanging information.

The state trooper who responded to the scene determined Jones's license plate number and employer with the help of dispatch and contacted Royal's safety department to request that Jones either stop his vehicle or return to the incident location. Jones ultimately stopped at a location about 43 miles away from the site of the collision and met with the trooper, and allegedly told the trooper that "he left the scene because he was terrified and admitted that the actions look[ed] bad upon him." *Id.* ¶¶ 16-17. Pun alleges that the trooper "ultimately determined Jones to be the sole driver responsible for the crash and identified an unsafe lane change by him to be the contributing factor." *Id.* ¶ 20.

Pun alleges that the collision resulted in disabling damage to his car, which had to be towed from the scene, and caused him bodily injury that necessitated medical care.

Pun filed this lawsuit in state court, alleging in his state-court original petition (1) claims against Jones for negligence and negligence *per se*; (2) direct liability claims against

Royal for negligent hiring, training, supervision, and retention and negligent entrustment; and (3) a vicarious liability claim against Royal for negligence. After Jones moved for partial dismissal under Rule 12(b)(6), Pun filed a first amended complaint, and the court denied the motion to dismiss without prejudice as moot.

Jones now moves for partial dismissal of Pun's first amended complaint under Rule 12(b)(6), seeking to dismiss: (1) the negligence *per se* claim against him; (2) the negligent hiring, training, supervision, and retention claim against Royal; and (3) the negligent entrustment claim against Royal. Pun has not responded to the motion, and it is now ripe for decision.[2] The court is deciding the motion on the briefs, without oral argument.

II

The court first considers whether Jones has standing to seek dismissal of the claims challenged in his motion.

For Rule 12(b) motions, "[t]he movant may obtain relief only as to himself; [he] has no standing to seek dismissal of the action as to nonmoving parties." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1349 (4th ed. 2024); *see, e.g.*, *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957); *Ortega-Santos v. S.F. Health Sys., Inc.*, 494 F.Supp.3d 88, 90 n.1 (D.P.R. 2020); *Shultz v. Nomac Drilling, LLC*, 2017 WL 2958621, at *2 & n.3 (W.D. Okla. July 11, 2017) (collecting cases).

---

[2]Pun's response was due no later than June 28, 2024. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

Royal has not joined Jones in bringing the instant motion. Jones therefore only has standing to seek dismissal of claims that are asserted against him—not of claims asserted against Royal. Because two of the claims challenged in this motion are direct liability claims against Royal, Jones lacks standing to seek dismissal of them. The court therefore denies the motion as to these claims. In the remainder of this memorandum opinion and order, the court considers Jones's motion as to the negligence *per se* claim only, because that claim is asserted against Jones personally and Jones therefore has standing to seek dismissal of it.

III

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

IV

A

Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law. *See Parrott v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). "In such a case, . . . [t]he statute itself" provides the standard of care by "stat[ing] what a reasonable, prudent person would have done." *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, 2013 WL 4551614, at *5 (N.D. Tex. Aug. 28, 2013) (Fitzwater, C.J.) (quoting *Jackson v. Kim*, 2004 WL 6040969, at *3 (E.D. Tex. Sept. 27, 2004)). Conversely, "[w]here a statute incorporates the ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care." *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App. 2002, pet. denied).

"The threshold questions in every negligence *per se* case involving a penal statute are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." *Discovery*

*Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 162 (Tex. App. 2010, pet. denied) (citation omitted). "If a plaintiff satisfies these threshold questions, the court must determine whether it is appropriate to impose negligence *per se* liability for violations of the statute." *Id.* The Supreme Court of Texas has identified

> five nonexclusive factors to consider in determining whether a statute establishes an appropriate standard for negligence *per se* liability: (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common-law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence *per se* would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of wrongdoers; and (5) whether the plaintiff's injury is due to a direct or indirect violation of the statute.

*Id.* at 162-63 (citation omitted). And "[i]n determining whether a penal statute creates an appropriate standard of care, [the court] may consider whether the adoption of such a standard would be inconsistent with legislative intent." *Smith*, 940 S.W.2d at 607. "The mere fact that the legislature adopts a criminal statute does not mean that the courts must accept it as a standard for civil liability." *Discovery Operating*, 311 S.W.3d at 162 (citation omitted). The court, in its discretion, "may accept or reject the criminal statute or use such part thereof as may be deemed appropriate for [its] purposes." *Rudes v. Gottschalk*, 324 S.W.2d 201, 205 (Tex. 1959).

Furthermore, "[t]o prevail on a claim of negligence *per se*, a party must also establish that the violative conduct was the proximate cause of that party's injuries." *Cruise v.*

*Monington*, 558 F.Supp.2d 707, 710 (E.D. Tex. 2007) (citing *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App. 2000, pet. denied)).

B

Pun identifies several statutory provisions that could be the basis for his negligence *per se* claim: (1) engaging in an unsafe lane change, in violation of Tex. Transp. Code Ann. § 545.060 (Vernon 2023); (2) failing to properly stop at the scene of a collision, in violation of Tex. Transp. Code Ann. §§ 550.021 and 550.022; and (3) failing to exchange information at the scene of a collision, in violation of Tex. Transp. Code Ann. § 550.023. The court will consider whether Pun has stated a negligence *per se* claim with respect to each of these statutory provisions in turn.

1

Section 545.060 requires drivers to "drive as nearly as practical entirely within a single lane." Tex. Transp. Code Ann. § 545.060(a)(1). It also provides that drivers "may not move from the lane unless that movement can be made safely." *Id.* § 545.060(a)(2). But this section "simply 'incorporate[s] the common law's ordinary standard of care,'" and thus "'does not support a negligence *per se* cause of action.'" *Ordonez v. Ausby*, 2023 WL 310442, at *9 (W.D. Tex. Jan. 18, 2023) (alteration in original) (first quoting *Trinh v. Hunter*, 2022 WL 6813293, at *6 (W.D. Tex. Oct. 11, 2022); then quoting *Hoffman v. Wright*, 2014 WL 709557, at *3 n.3 (Tex. App. 2014, no pet.)); *see also, e.g.*, *Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App. 2007, pet. denied) (explaining that § 545.060 "incorporate[s] the ordinary negligence standard"); *Claybrook v. Time Definite Servs.*

*Transp., LLC*, 2016 WL 3963025, at *3 (N.D. Tex. July 16, 2016) (McBride, J.) (similar).

Because § 545.060 cannot support a claim of negligence *per se*, Pun is not entitled to relief on this claim.  Instead, Jones is entitled to dismissal of Pun's negligence *per se* claim under Rule 12(b)(6) insofar as it is based on § 545.060.

2

Sections 550.021 through 550.023 require drivers involved in a collision to (1) stop and render aid if a person is injured or likely to be injured as a result of the collision; (2) stop if damage to a vehicle resulted from the collision; and (3) provide their names, addresses, vehicle registration and insurance information, and driver license information to others involved in the collision.  *See* Tex. Transp. Code Ann. §§ 550.021-550.023.

Pun alleges numerous injuries caused by his collision with Jones: "extensive, disabling damage" to his vehicle, as well as "bodily injuries," "physical pain and suffering," "mental anguish," "physical impairment," "physical disfigurement," and "loss of earning capacity."  Am. Compl. ¶¶ 10, 34.  But, as Jones points out, Pun does not allege any additional injuries purportedly caused by Jones's failure to stop, render aid, and provide information to Pun, in compliance with §§ 550.021-550.023.  Because Pun has not plausibly pleaded facts as to this element of the negligence *per se* claim, he is not entitled to relief. Jones is therefore entitled under Rule 12(b)(6) to dismissal of Pun's negligence *per se* claim insofar as it is based on §§ 550.021-550.023.

\*   \*   \*

For the reasons explained, the court grants Jones's motion to dismiss in part and denies it in part.

**SO ORDERED**.

July 22, 2024.

                                                    SIDNEY A. FITZWATER
                                                  SENIOR JUDGE